UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TRUSTEES OF LABORERS UNION
LOCAL 1298 OF NASSAU AND SUFFOLK
COUNTIES BENEFIT FUNDS,

                                          ORDER ADOPTING
                Plaintiffs,      REPORT & RECOMMENDATION
                                          09-CV-2649 (JS)(AKT)

      -against-

MASTER WATERPROOFERS, INC.,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Danielle Marlene Carney, Esq.
                   Barnes, Iaccarino & Shepherd, LLP
                   3 Surrey Lane, Suite 200
                   Hempstead, NY 11550

For Defendant:    No appearance

SEYBERT, District Judge:

        Plaintiffs, Trustees of Laborers Union Local 1298 of Nassau and Suffolk Counties Benefit Funds ("Plaintiffs" or the "Funds"), commenced this action against Master Waterproofers, Inc. ("Defendant" or "Master Waterproofers") for failure to comply with its statutory and contractual obligations to Plaintiffs arising out of two Collective Bargaining Agreements ("CBAs") entered into between Road and Heavy Construction Laborers' Union Local 1298 of Nassau and Suffolk Counties ("Union") and Master Waterproofers. The Complaint asserts claims for breach of the CBAs in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et

seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 141, et seq. Accordingly, Plaintiffs seek an award of unpaid fringe benefit contributions, interest, liquidated damages, attorney's fees and costs.

Pending before the Court is Plaintiffs' motion for entry of default judgment against Defendant. On October 17, 2009, this Court referred the motion to Magistrate Judge A. Kathleen Tomlinson to issue a report and recommendation on whether the motion should be granted, and to determine the appropriate amount of damages, costs and/or fees, if any, to be awarded. On August 20, 2010, Judge Tomlinson issued the Report and Recommendation ("R&R"). As part of her R&R, Judge Tomlinson stated that Defendant needed to file its objections, if any, within fourteen days from the date it received service of the R&R. That time has now passed; no objections have been submitted, and all objections are deemed waived.

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). However, if a party serves and files specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition, see FED. R. CIV. P. 72(b),

the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b). When a party raises an objection to a magistrate judge's report, "the court is required to conduct a de novo review of the contested sections." See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt v. Police Officers William Joie and Thomas Fitzgerald, No. 96-CV-0324, 2002 U.S. Dist. LEXIS 3453, at *2 (Mar. 4, 2002) (citations omitted).

In this case, no party has objected to Judge Tomlinson's R&R. Upon careful review and consideration, the Court ADOPTS the R&R in its entirety, finding no clear error in its recommendations. Therefore, the Clerk of the Court is directed to enter a default judgment in favor of Plaintiffs, consistent with the Judge Tomlinson's recommendations, and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 28 , 2010
Central Islip, New York

3